

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable E. G. Mosely
Civil District Attorney
Dallas, Texas


Dear Sir:

Opinion No. O-2291
Re: Validity of independent
school district delinquent
tax contract.

In your letter of April 26, 1940, you enclose
form copy of a contract made between a Dallas County in-
dependent school district and an attorney of the same
County, and request our opinion in response to three ques-
tions, viz:

"(1) Would the notice to the District At-
torney and his reply attached hereto and marked
exhibits 'B' and 'C' comply with the law regard-
ing such notices.

"(2) Would the attorney be bound to per-
form the services defined in said contract.

"(3) Would said contract as a whole be
legal."

A copy of the notice given on September 12, 1939,
by the district to the District Attorney follows:

Honorable E. C. Mosely, Page 2

"September 12th, 1939

"Honorable _____
District Attorney _____ County
_____, Texas

"Dear Sir:

You are hereby notified to collect
all the delinquent taxes due the _____
Independent School District.

In the event you are not in position
to comply with this notice please give us your
waiver of any right you have to collect same in
order that we may employ other attorneys.

Sincerely yours,

_____ INDE-
PENDENT SCHOOL
DISTRICT.

By_____ _____
Secretary, as per
order of the Board
of Trustees"

Copy of the District Attorney's waiver, dated Oc-
tober 16, 1939, made in response to the notice follows:

"October 16,
1939

"Board of Trustees
_____ Independent School District
_____, Texas

Attention Mr. _____, Secretary

"Gentlemen:

In view of the fact that your Board
has made unanimous requests to me that it is

your desire to contract with some legal firm
for the collection of the delinquent taxes due
your school district, and in view of the fact
further that you have put me on notice for
thirty days in compliance with the laws of the
State of Texas with regard to such matter, I
hand you herewith now this letter which will
constitute my waiver of the right to make such
collections.

Yours very truly,

DISTRICT ATTORNEY"

In our opinion, under the circumstances, the
above waiver is sufficient to mature the authority of the
Board of Trustees to enter into a proper contract for the
collection of delinquent taxes. Slimp vs. Wise County,
96 S. W. (2) 337.

The contract contains the following provisions
and none other with respect to the second party's obliga-
tions and compensation and the term of the contract:

". . . to collect all delinquent taxes,
penalty and interest due said district for all
years up to and including the year 1940.

"It is agreed that said attorney shall be
paid 15% of all the delinquent taxes, penalty
and interest collected or paid to said district
for any of said years during the existehce of
said agreement according to its effective dates
as hereinafter shown, and as and when said taxes
are collected without further action of the board.

"The effective dates of this agreement shall
be as follows:

"As to the year 1938 and all prior years
on this date.

"As to the year 1939 on March 1st, 1940.

Honorable K. G. Mosely, Page 4

"As to the year 1940 on March 1st, 1941.

"Unless extended by the mutual agreement of the parties, this agreement shall terminate and be of no further force or effect on March 1st, 1942."

Under Article 7343, Revised Civil Statutes, in the case of Bell vs. Mansfield Independent School District, 129 S. W. (2) 629, the Supreme Court held that Articles 7335, Civil Statutes, and 7335a, Vernon's Civil Statutes are applicable to independent school districts except as to the requirement that the contracts therein authorized shall be approved by the Comptroller and the Attorney General. The Board of Trustees of an independent school district may undoubtedly enter into contracts with attorneys of the same county for the collection of delinquent taxes, penalties and interest, for a percentage of the amount collected, not exceeding 15% as provided in the contract. Articles 7335, 7335a and 7343, supra; Bell vs. Mansfield Independent School District, supra.

The brief furnished us does not touch upon the one difficult question which it seems to us is involved. Are the provisions of the contract with reference to the length of its term valid and proper?

We have heretofore expressed the opinion that the commissioners' court of a county cannot make a contract with an attorney under Article 7335 for a period extending beyond the term of office of the individuals composing the commissioners' court. O-257; O-289. From the latter opinion we quote:

"In 14 American Jurisprudence, 210, the following is said:

'. . . The members of a board of county commissioners cannot, however, contract in reference to matters which are personal to their successors. Thus, a contract by which a board of county commissioners attempts to employ a legal adviser for a period of three years, to commence three months in the future and

after the time for the election of a person to fill the vacancy caused by the expiration of the term of office of one member of the board, the term of employment extending over a period during which all the members of the board as constituted at the time of the contract will retire therefrom unless re-elected, is against public policy . . .'

"This seems to be the law in Texas, which is expressed in 11 Tex. Jur., 631, as follows:

'Ordinarily, contracts made by a commissioners' court may not be repudiated merely because the personnel of the body has subsequently changed. It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court has no power to bind its successors.'

"This last quoted statement is based on the only Texas case on the subject, the case of Gulf Bitulithic Co. v. Nueces County, 11 S. W. (2d) 305, which says:

'It is only where the employment by a commissioners' court is personal and confidential, as in the case of an attorney, that it is held that one commissioners' court cannot bind its successors.'

"The court decisions in most of the other states that we have found hold that one commissioners' court cannot bind its successors on personal contracts. Coffey County v. Smith, 50 Kan. 350, 32 Pac. 30 (employment of county printer); Franklin County v. Ranck, 9 Ohio C. C. 301 (employment of courthouse janitor); Milliken v. Edgar County, 142 Ill. 528, 32 N. E. 493 (employment of poorhouse superintendent); Board of Commissioners v. Taylor, 123 Ind. 148, 23 N. E. 752 (employment of attorney); and Willett v. Calhoun County, 217 Ala. 687, 117 So. 311 (employment of attorney).

Honorable E. G. Mosely, Page 6

"A tax collector-attorney would need tact, patience and diligence, and a commissioners' court would have every incentive to want a man with those qualities. In short, each commissioners' court should be entitled to make its own contracts touching on the matter.

"Furthermore, the newly elected County Attorney has rights which we do not believe can be overlooked.

"Article 7332, Revised Statutes, provides for the county attorney to represent the State and county in suits for delinquent taxes and provides fees for such services.

"The county attorney was elected with the understanding that the above would be a part of his duties and that he would be paid for performing the same. We do not believe a closing administration of a commissioners' court, based upon a waiver signed by an outgoing county attorney, can deprive the incoming county attorney of these valuable rights. Also, we do not believe the County can be thus deprived of any chance of having the newly elected county attorney perform these services at less cost than the attorney-contractor will perform the same."

It might be mentioned that the above holding was not meant to prevent a contracting attorney from concluding suits filed within the term of office of the commissioners, the contract so providing.

The trustees of independent school districts have over-lapping terms. At least in some independent school districts the elections of April, 1940 and 1941, would affect a majority of the trustees. In others this would not be true. But, in all such districts there would be an election or elections affecting one or more members of the board of trustees.

We find no case in point. However, it is apparent that the principles governing commissioners' courts in the matter are applicable to independent school districts at some point.

We do not regard the county attorney's situation as being so important in the case of the school district as in the case of the county. See Articles 7326, 7332 and

7343, Civil Statutes. The term of office of a county attorney coincides with that of a county commissioner, and his rights and duties were considered and regarded as contributing reasons for our holding in the above quoted opinion. However, we do not believe that the county attorney's term of office should control the length of the period of a delinquent tax contract made by an independent school district. His relationship to the school district is different from his relationship to the county and the over-lapping terms of the school trustees have already been mentioned.

In Fikes vs. Sharp, 118 S. W. (2) 774, it was held that prior to enactment of Article 2750a, Vernon's Civil Statutes, (and at a time when the statutes were silent as to length of terms as to which teachers' contracts could be made) a teacher's contract could not be made for a longer period than one year. However, the grounds upon which that opinion was based render the same of little value in the question before us.

We think the most reasonable view, and the one most likely to be adopted by the courts, is that such contracts with attorneys cannot be made by an independent school district created under general law for a term extending beyond the time when in the ordinary course of election the personnel of a majority of the board of trustees might be changed. This should not be interpreted to impeach a provision which might be contained in such a contract authorizing the conclusion of suits filed prior to such time.

The above answers your questions as definitely as we are able to answer them on the facts given. If the contract is properly executed and if in due course of election less than a majority of the board of trustees come up for election during the term of the contract, in our opinion it is a valid one. We express no opinion as to the efficacy or effectiveness of any remedy which either party might have if the other should breach such a contract.

APPROVED MAY 3, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE

GRL:ew